UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-23545-CIV-ALTONAGA

**EDWARD MENDEZ**,

    Plaintiff,

v.

**T-MOBILE USA INC.**,

    Defendant.
_____/

**ORDER**

**THIS CAUSE** came before the Court on Plaintiff, Edward Mendez's Amended Petition to Vacate Arbitration Award [ECF No. 30], filed on July 9, 2024. Defendant, T-Mobile USA, Inc. filed an Opposition [ECF No. 38], to which Plaintiff filed a Reply [ECF No. 39]. The Court has carefully considered the parties' written submissions, the record, and applicable law. For the following reasons, the Petition is denied.

### I. BACKGROUND

This case arises from an instance of digital theft. On two occasions in 2021, hackers accessed Plaintiff's cellphone; and, on at least one occasion, stole a significant amount of cryptocurrency. (*See* Pet. 4; Opp'n 10).[1] On October 7, 2021, Plaintiff filed a Complaint [ECF No. 1] against Defendant, the parent company of his cellphone provider, alleging negligence and violations of the Federal Communications Act ("FCA") and Computer Fraud and Abuse Act. (*See* Pet. 4; Opp'n 10; Compl. ¶¶ 102–67). Defendant successfully moved to compel arbitration. (*See*

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

Pet. 4; Opp'n 11; Jan. 10, 2022 Order [ECF No. 27] 9). The threshold issue of arbitrability — that is, whether Plaintiff's claims are even covered by the parties' arbitration agreement — was also sent to the arbitrator. (*See* Jan. 10, 2022 Order 7–8).

On December 6, 2022, the arbitrator concluded Plaintiff's claims are within the scope of the arbitration agreement. (*See* Pet. 5; Opp'n 11). The parties then engaged in further arbitration proceedings, concluding with a three-day hearing in February 2024. (*See* Pet. 5; Opp'n 12). On April 24, 2024, the arbitrator issued her two-page award, concluding that Plaintiff's "claims and requested relief are barred by [Defendant's] Terms & Conditions[.]" (Pet., Ex. A, Award [ECF No. 30-1] 1 (alterations added)). The arbitrator noted that Defendant made "no representations or warranties" regarding "security or authentication" and limited its liability as to cryptocurrency accounts. (*Id.* 1 (emphasis, quotation marks, and citation omitted)). The arbitrator further concluded Plaintiff "failed to prove that [Defendant's] actions were the proximate cause of [Plaintiff's] losses and damages." (*Id.* 2 (alterations added)).

Plaintiff now petitions for vacatur of the award, arguing the arbitrator exceeded her power (*see* Pet. 9–15), and the Court retains jurisdiction over Plaintiff's federal claims (*see id.* 15–18).

## II. LEGAL STANDARDS

"A federal court's review of an arbitration award is highly deferential and extremely limited." *United Steel, Paper & Forestry, Rubber, Mfg., Energy Allied Indus. & Serv. Workers Int'l Union AFL-CIO-CLC, USW Local 200 v. Wise Alloys, LLC*, 807 F.3d 1258, 1271 (11th Cir. 2015) (citations omitted). Indeed, "[b]ecause arbitration is an alternative to litigation, judicial review of arbitration decisions is among the narrowest known to law." *Bamberger Rosenheim, Ltd. v. OA Dev., Inc.*, 862 F.3d 1284, 1286 (11th Cir. 2017) (alteration added; quotation marks and citations omitted). For purposes of review under the Federal Arbitration Act ("FAA"), the

"exceedingly narrow grounds upon which an award can be vacated, modified, or corrected" are found exclusively in 9 U.S.C. sections 10(a) and 11. *So. Commc'ns Servs., Inc. v. Thomas*, 720 F.3d 1352, 1358 (11th Cir. 2013) (explaining that sections 10 and 11 "provide the FAA's exclusive grounds for expedited vacatur and modification" (quoting *Hall St. Assocs., L.L.C. v. Mattel, Inc. ("Hall St.")*, 552 U.S. 576, 584 (2008))). In fact, even an arbitrator's "incorrect legal conclusion is not grounds for vacating or modifying the award." *White Springs Agric. Chems., Inc. v. Glawson Invs. Corp. ("White Springs")*, 660 F.3d 1277, 1280 (11th Cir. 2011) (citations omitted).

Petitioner seeks relief under section 10(a)(4), which permits vacatur of an arbitral award where an arbitrator "exceeded her power" in reaching her decision. (*See* Pet. 6–7).[2] This, too, presents a limited inquiry. "[T]he sole question a court should ask under the exacting standards of [section] 10(a)(4) is whether the arbitrator (even arguably) interpreted the parties' contract, not whether [s]he got its meaning right or wrong." *Thomas*, 720 F.3d at 1359 (alterations added; quotation marks and citation omitted). Where the arbitrator "even arguably" interpreted the contract, "a court must end its inquiry and deny a [section] 10(a) motion for vacatur." *Id.* (alteration added; quotation marks and citation omitted). "It is only when an arbitrator strays from interpretation and application of the agreement and effectively dispenses h[er] own brand of industrial justice that h[er] decision may be unenforceable" under subsection 10(a)(4). *Stolt–Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010) (alterations adopted; other alterations added; quotation marks and citations omitted).

### III. DISCUSSION

Plaintiff's argument is two-fold. First, Plaintiff argues the arbitrator exceeded her power in applying the contract's limitation-of-liability clause. (*See* Pet. 6–15). Second, and in the

---

[2] Plaintiff calls the arbitrator's impartiality into doubt — a ground for vacatur under section 10(a)(2) — but ultimately does not argue she was biased. (*See* Pet. 5; Opp'n 14 n.4; Reply 3).

alternative, Plaintiff argues the Court can and should adjudicate his federal claim on the merits. (*See id.* 15–18).³ The Court addresses each issue in turn.

**Section 10(a)(4).** Plaintiff argues the arbitrator exceeded her power and, thus, he is entitled to vacatur of the award under 9 U.S.C. section 10(a)(4). (*See* Pet. 6–15). Defendant contends the arguments Plaintiff raises are inappropriate for the Court to consider in reviewing an arbitrator's award. (*See* Opp'n 14–16). Defendant is correct.

As explained, the Court's inquiry on this point is highly circumscribed: if the arbitrator "even arguably" interpreted the contract, the Court "*must* end its inquiry and deny a [section] 10(a) motion for vacatur." *Thomas*, 720 F.3d at 1359 (alteration and emphasis added; quotation marks and citation omitted); *see also Wiregrass Metal Trades Council AFL-CIO v. Shaw Env't & Infrastructure, Inc.*, 837 F.3d 1083, 1090–91 (11th Cir. 2016) (reversing a district court's vacatur where the arbitrator's rationale was ambiguous, but it was possible she interpreted the contract "in her head"); *DIRECTV, LLC v. Arndt*, 546 F. App'x 836, 840 (11th Cir. 2013) (following *Thomas* and reversing a district court's vacatur where "the arbitrator arguably interpreted the parties' agreements").

This is true even if the arbitrator committed legal error, as Plaintiff argues she did here. *See Fowler v. Ritz-Carlton Hotel Co., LLC*, 579 F. App'x 693, 699 (11th Cir. 2014); (Pet. 6–15). As Defendant notes, the Eleventh Circuit has repeatedly rejected arguments that an arbitrator "exceeded her powers by acting contrary to the law" precisely because courts "do not review the arbitrator's award for underlying legal error." *Fowler*, 579 F. App'x at 699 (quotation marks and

---

³ Plaintiff additionally argues the arbitrator's award violates public policy (*see* Pet. 6, 12–13, 18; Reply 4–6); but "violation of public policy" is one of the "judicially-created bases for vacatur" that the Eleventh Circuit has determined is "no longer valid[.]" *Frazier v. CitiFinancial Corp., LLC*, 604 F.3d 1313, 1322–24 (11th Cir. 2010) (alteration added). The Court thus cannot consider Plaintiff's policy arguments, no matter how compelling they are.

citation omitted); *see also Thomas*, 720 F.3d at 1360 ("[I]n our circuit, we recognize neither an incorrect legal conclusion . . . nor a manifest disregard of the law as [a] ground[] for vacating or modifying an award[.]" (alterations added; internal citations omitted)); *DIRECTV, LLC*, 546 F. App'x at 841 ("The arbitrator's award may have been ugly, and could have been mistaken, incorrect, or in manifest disregard of the law, but those are not grounds for vacating the award under [section] 10(a)(4)." (alteration added; citations omitted)); *White Springs*, 660 F.3d at 1281 ("To the extent [the petitioner] contests the panel's interpretation of [] law, the FAA does not empower [the court] to review these allegations of legal error." (alterations added; citation omitted)); (*see* Opp'n 15–16).

There is no question the arbitrator interpreted the parties' agreement here. In her award, the arbitrator noted three portions of the applicable Terms and Conditions, concluding — rightly or wrongly — that "these contractual provisions" barred Plaintiff's claims. (Award 1–2); *see also DIRECTV, LLC*, 546 F. App'x at 840 (noting that the arbitrator "quoted specific language in the agreements and explained" its effect). Plaintiff's only arguments for rejecting the award are substantive disagreements with the legal soundness of the arbitrator's conclusion. (*See, e.g.*, Pet. 8 (challenging the arbitrator's "experience, knowledge, or power to interpret statutes"), 9 (asserting the arbitrator "exceeded her power in attempting to adjudicate, then ultimately disregard federal statutes"), 10 (contending the arbitrator "did not have any legal basis to disregard Plaintiff's protected interests and private cause of action" and that "there is also no legal basis granting the [a]rbitrator power to deny Plaintiff[] the remedies created by Congress" (alterations added)), 11 (insisting the arbitrator "exceeded her power in not analyzing or reviewing federal statutes"), 14 (maintaining the award lacked "any legal authorities" and was "completely devoid of any law"); Reply 3 (highlighting the arbitrator's "failure to properly apply the law")).

Indeed, in arguing that the arbitrator violated federal law, Plaintiff acknowledges at several junctures that the arbitrator interpreted his contract with Defendant. (*See, e.g.*, Pet. 13–14 (arguing that the arbitrator erred "in interpreting and applying the limitation-of-liability clause" and further erred by failing "to address the statutes"); Reply 2 (contending the arbitrator "failed to address [] federal requirements" and "instead align[ed] with [Defendant's] contractually dictated terms" (alterations added)), 6 (maintaining that the arbitrator "adher[ed] to [Defendant's] terms and conditions, which unlawfully sought to circumvent federal law" (alterations added))).

At bottom, Plaintiff's argument is a request that the Court "do what [it] may not — look to the legal merits of the underlying award." *Fowler*, 579 F. App'x at 699 (alteration added; citation omitted). Unfortunately for Plaintiff, review of the award under these circumstances is "foreclosed by [Eleventh Circuit] precedent." *Id.* (alteration added; footnote call number omitted).[4]

***Independent review.*** Next, Plaintiff offers two arguments to support his assertion that the Court can — and should — independently adjudicate his FCA claim. (*See* Pet. 15–18). First, Plaintiff argues the Supreme Court has expressly left open the possibility of additional avenues for judicial enforcement beyond the FAA, and the Court should thus exercise original jurisdiction over his unaddressed FCA claim. (*See id.* 15–16 (alteration added; quotation marks and emphasis omitted; quoting *Hall St.*, 552 U.S. at 590)). Second, Plaintiff argues the Court should, at a minimum, decide the arbitrator did not resolve his FCA claim, leaving it open for adjudication later. (*See id.* 17–18). Neither argument is persuasive.

Plaintiff's first argument relies on the Supreme Court's decision in *Hall Street*. (*See id.* 15–16). In *Hall Street*, the Court considered an arbitration agreement in which the parties contractually agreed to a different standard of review than the FAA's standard — one that

---

[4] For this reason, the Court does not reach Defendant's arguments regarding the correctness of the arbitrator's decision. (*See* Opp'n 17–22).

6

"included review for legal error[.]" 552 U.S. at 580 (alteration added). The Court concluded this separate standard of review could not justify vacatur under the FAA, which provided the "exclusive regimes for [] review." *Id.* at 590 (alteration added). The Court clarified, however, that it was only discussing the scope of review available under the FAA and did not intend to foreclose "other possible avenues for judicial enforcement of arbitration awards[,]" like "state statutory or common law[.]" *Id.* (alterations added).

Against this backdrop, Plaintiff asserts he is "entitled to seek this Court's independent adjudication of his claims under the FCA" because "this Court retains jurisdiction" over federal questions not addressed by the arbitrator. (Pet. 15–16 (citation omitted)). Not so.

The facts of *Hall Street* are inapposite to the facts of this case. As the Supreme Court noted, the arbitration agreement in *Hall Street* had the "unusual feature" of being "entered into in the course of district-court litigation" and "adopted by the District Court as an order." 552 U.S. at 591. In that case, it was the parties who agreed to a standard of review separate from the FAA's. *See id.* at 580. Thus, the Court left open the possibility that state statutory or common-law would allow the parties to enforce their separately agreed upon standard of review. *See id.* at 592. Here, no separately agreed upon standard of review exists, and the parties proceed solely under the FAA. (*See generally* Pet.; Opp'n; Reply); *cf. Hall St.*, 552 U.S. at 590–92 (declining to consider other bases for review because the parties and previous courts had proceeded under the premise that the FAA applied).[5]

---

[5] The reasoning in *Hall Street* is similarly unrelated to the issues posed by the Petition. *Hall Street* discussed alternative bases for the enforcement of certain arbitration agreement provisions that would determine the validity of the arbitral award. *Id.* at 590–92. This section of the Petition seeks something else entirely: independent adjudication of Plaintiff's federal claim, *assuming the arbitral award was invalid*. (*See* Pet. 15 ("Having established that the Arbitrator exceeded her power . . . the next legal issue Plaintiff urges this Court to consider is: Whether . . . Plaintiff is entitled to seek this Court's independent adjudication of his claims under the FCA when the Arbitrator has failed to do so?" (alterations added)).

7

Moreover, Plaintiff points to no source of law — like state statutory law or common law — that would, even under *Hall Street*, provide an alternative basis for review of the arbitral award. (*See generally* Pet.). Instead, Plaintiff attempts to invoke the Court's original jurisdiction over FCA claims. (*See id.* 16). In doing so, Plaintiff assumes his FCA claim remains unresolved. (*See id*). This is incorrect.

Plaintiff's FCA claim appears in Count I of the Complaint. (*See* Compl. ¶¶ 102–27). The January 10, 2022 Order referred *all* counts of the Complaint to arbitration. (*See* Jan. 10, 2022 Order 9). The arbitral award listed Count I expressly and concluded it was barred (Award 1), resulting in "full settlement of all claims submitted to this [a]rbitration" (*id.* 2 (alteration added)). Plaintiff's FCA claim has thus been adjudicated, and the Court's original jurisdiction over FCA claims more generally is irrelevant.

Moving on, Plaintiff's second argument fares no better. Plaintiff asks the Court to decide that the arbitral award has no "preclusive effect on [his] FCA claim" and permit him to brief the claim anew. (Pet. 17–18 (alteration added)). This argument seems to assume Plaintiff's FCA claim has not been adjudicated. (*See id.* 18 (arguing that the FCA claim "was not properly litigated in arbitration" (quotation marks omitted))). Again, this is incorrect.

To the extent Plaintiff seeks a decision on whether this adjudication has preclusive effects more generally, such a decision would be premature. As Plaintiff recognizes, the elements of issue preclusion are two-sided: preclusion requires both an issue that has already been decided, and an "issue at stake" that is to be decided. *CSX Transp., Inc. v. Bhd. of Maint. of Way Emps.*, 327 F.3d 1309, 1317 (11th Cir. 2003); (*see also* Pet. 17). Here, the arbitral award adjudicated Plaintiff's FCA claim, but no additional "issue at stake" has been identified. Plaintiff has not sought to bring another FCA claim, nor has the issue arisen in the context of a separate case.

"Where a live controversy does not exist, judicial pronouncements are nothing more than advisory opinions on abstract propositions of law." *In re Checking Acct. Overdraft Litig.*, 780 F.3d 1031, 1037 (11th Cir. 2015) (quotation marks and citation omitted). Such pronouncements are "impermissible[.]" *Id.* (alteration added).

Certainly, the Court recognizes the core of Plaintiff's concern, which is that the arbitrator failed to address the *substance* of his arguments as to the FCA claim. (*See* Pet. 17 (arguing that the arbitrator "did not make any specific findings of fact and conclusions of law" regarding the FCA claim and therefore "did not rule on the merits of the FCA claim[]" (alteration added))). But Plaintiff "identif[ies] no authority for the [] proposition that [s]ection 10(a)(4) requires vacatur of an award any time an arbitrator expressly resolves a claim but does not expressly resolve every argument made by the parties concerning the claim." *Waddell v. Holiday Isle, LLC*, No. 09-0040-Civ, 2009 WL 2413668, at *13 (S.D. Ala. Aug. 4, 2009) (alterations added). Nor could he. For better or for worse, "an arbitrator is under no obligation to provide explanations with h[er] award." *Wise Alloys, LLC*, 807 F.3d at 1275 (alteration added; citations omitted); *see also Wiregrass Metal Trades Council AFL-CIO*, 837 F.3d at 1092 (emphasizing that a court "should not vacate [an] award because the arbitrator provided an incomplete explanation for the award" (alteration added)). The Court is thus without authority to re-adjudicate Plaintiff's claims.

## IV. CONCLUSION

Because the arbitrator interpreted the parties' agreement and found Plaintiff's FCA claim is barred, the Court cannot conclude she exceeded her authority. Nor can the Court revisit or vacate the merits of her award. Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff, Edward Mendez's Amended Petition to Vacate Arbitration Award **[ECF No. 30]** is **DENIED**.

CASE NO. 21-23545-CIV-ALTONAGA

**DONE AND ORDERED** in Miami, Florida, this 20th day of August, 2024.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record